RECEIVED
USDC. CLERK. CHARLESTON. SC

Corey N. Smalls # 280821,

                    Plaintiff,

vs.

State Classification of South Carolina
Department of Corr.,

                    Defendant.

) C/A No. 2:10-3137-JFA-RSC 2010 DEC 23 A 10: 05
)
)
)
)
) Report and Recommendation
)
)
)
)
)
)

---

This is a civil action filed *pro se* by a state prison inmate.[1]

In the Complaint filed in this case, Plaintiff claims that his security is being knowingly compromised by his placement in the same institution (Leiber Correctional Institution) and cell block as the person who was his co-defendant in a criminal trail and against whom Plaintiff testified. He states that he specifically requested separation from this individual when he was brought into the South Carolina Department of Corrections (SCDC) system, but that his request was ignored. Plaintiff states since the co-defendant was moved into Plaintiff's cell block, he has been continually threatened, called a snitch, forced to sign a false

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

1

recantation of his trial testimony, and actually physically assaulted. He states that he feels so threatened that he told SCDC that he caused his own injuries. He asks this Court to award him one million dollars in damages arising from his mental distress, depression, and physical injuries incurred when he was attacked. The only Defendant named is "State Classification of South Carolina Department of Corr."

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be

2

true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003).

Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B) because no potentially liable Defendant is named.

In order to state a viable claim for relief under 42 U.S.C. § 1983,[2] an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal*

---

[2] Plaintiff's Complaint, seeking damages for allegedly unconstitutional conditions of his prison confinement, is properly before this Court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added). Plaintiff does not refer to any other potential federal cause of action, and no other potential basis for the application of federal jurisdiction is evident from the face of the Complaint.

*Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in section 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008); *Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262, *1 (D. Conn. Feb. 09, 2000); *Ferguson v. Morgan*, No. 90 Civ. 6318, 1991 WL 115759 (S.D.N.Y. June 20, 1991).

Plaintiff's use of the term "State Classification" as the name for the only Defendant in this case is similar to the naming of "staff" as a defendant, which was specifically disapproved in the

cases cited above. By using the collective term "State Classification," it appears that Petitioner is referring to an entire department or section within SCDC. Plaintiff should have named the individual *person or persons* who work within the department or section and who had the most responsibility for his co-defendants placement or Plaintiff separation request as defendants. The term "State Classification" simply fails to name any individual who works in the Classification section. In absence of a sue-able Defendant, this Complaint fails to state a claim upon which relief may be granted and should be summarily dismissed.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

_____
Robert S. Carr
United States Magistrate Judge

December 23 , 2010
Charleston, South Carolina

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).