IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Corey N. Smalls, | ) | C/A No. 2:10-3137-JFA-RSC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| State Classification of South Carolina | ) | |
| Department of Corrections, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Corey N. Smalls, brings this action pursuant to 42 U.S.C. § 1983. He claims that his security is being knowingly compromised by his placement in the same prison (Lieber Correctional Institution) and cell block as the person who was his co-defendant in a criminal trial and against whom the plaintiff testified. He seeks money damages and injunctive relief.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the complaint should be dismissed for failure to state a claim. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

Recommendation, which was entered on the docket on December 23, 2010. The plaintiff did not file objections to the Report, however, he filed a letter (dated January 11, 2011) wherein he requests that the court withdraw his case without prejudice so that he may correct the deficiencies of the pleadings and the parties.

As the Magistrate Judge correctly notes, to state a claim under § 1983, a plaintiff must allege that a right secured by the Constitution or the laws of the United States was violated, and that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, the plaintiff cannot show any actions by the defendant violated any federally protected right. The defendant State Classification of South Carolina Department of Corrections is not a person and cannot act under color of state law. In the absence of a proper defendant, the complaint fails to state a claim and should be summarily dismissed.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of process.

Plaintiff's motion to withdraw his complaint is moot.

IT IS SO ORDERED.

January 27, 2011                               Joseph F. Anderson, Jr.
Columbia, South Carolina                    United States District Judge

2